THE STATE OF OHIO, APPELLANT, *v.* HAYES, APPELLEE.

[Cite as State *v.* Hayes (1986), 25 Ohio St. 3d 173.]

(No. 86-65—Decided June 30, 1986.)

*Arthur M. Ney, Jr.*, prosecuting attorney, and *William E. Breyer*, for appellant.

*Croswell & Adams Co., L.P.A., R. Scott Croswell* and *Elizabeth E. Agar*, for appellee.

*Per Curiam.* The issue presented in this action is whether the court of appeals has jurisdiction to hear the state's appeal of the trial court's ruling. We hold that the court of appeals does have jurisdiction to hear the state's appeal and, accordingly, reverse the judgment of the court of appeals.

Section 3(B)(2), Article IV of the Ohio Constitution, R.C. 2953.02 and App. R. 3(A)[1] and 4(B),[2] when properly invoked, provide the courts of appeals with jurisdiction in criminal matters. Section 3(B)(2), Article IV, provides in pertinent part:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within their district. * * *"

R.C. 2953.02 provides in relevant part: "In a criminal case, * * * the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals. * * *"

R.C. 2945.67(A) provides the state with its right of appeal in this action. That section states: "A *prosecuting attorney,* village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision *grants a motion to dismiss all or any part of an indictment,* complaint, or information, a mo-

---

[1] App. R. 3(A) provides in pertinent part:

"(A) * * * An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. * * *"

[2] App. R. 4 provides in pertinent part:

"(B) * * * In an appeal by the prosecution, the notice of appeal shall be filed in the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *"

tion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case." (Emphasis added.)

This language allows the state a direct appeal whenever the trial court grants a motion to dismiss all, or any part of, an indictment. In the case *sub judice,* the trial court ruled that the "in loco parentis" language of R.C. 2907.03(A)(5) was unconstitutional, effectively dismissing that part of the indictment. Thus, the order of the trial court falls squarely within R.C. 2945.67(A).

Based on the foregoing, we hold that the court of appeals does have jurisdiction to hear the state's appeal of the trial court's ruling.

Accordingly, the decision of the court of appeals is reversed and the cause is remanded to that court for further proceedings.[3]

*Judgment reversed*
*and cause remanded.*

LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

SWEENEY, J., dissents.

SWEENEY, J., dissenting. Because I believe that the trial court's action does not present an appealable order pursuant to R.C. 2945.67(A), I must respectfully dissent from the majority's determination to the contrary.

As noted by the court of appeals below, the indictment handed down in the cause *sub judice* was on one count of sexual battery. In my opinion, the effect of the trial judge's ruling is not to dismiss the one charge of sexual battery, but only to strike certain language in a manner that does not otherwise facially vitiate this charge. Even without the stricken phrase, I believe that the indictment herein contains sufficient language for the prosecution to proceed with its case-in-chief against defendant.

Although R.C. 2945.67(A) may appear to allow the immediate review granted by the majority opinion herein, a careful reading of that statute along with the indictment in issue reveals that the statute does not encompass situations, such as the instant cause, where the prosecution can readily proceed on a legally sufficient indictment.

Accordingly, I would affirm the judgment of the court of appeals.

---

[3] We decline to address the issue of the constitutionality of the phrase "in loco parentis" contained in R.C. 2907.03(A)(5) at this time, as it was not reviewed by the court of appeals below.