THE STATE OF OHIO, APPELLANT, *v.* HAYES, APPELLEE.

(No. C-850075—Decided January 21, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellant.

*R. Scott Croswell* and *Elizabeth E. Agar,* for appellee.

*Per Curiam.* The sole question in this appeal is whether the trial court erred when it dismissed the indictment and bill of particulars (charging defendant with sexual battery of Crystal Ellison in violation of R.C. 2907.03[A] [5]) "to the extent" that the Latin phrase *in loco parentis* is void for vagueness. The court granted only that part of defendant's motion to dismiss and denied the motion "in all other respects." We dismissed the prosecution's appeal for lack of a final appealable order, but our dismissal was reversed by the Supreme Court. *State* v. *Hayes* (1986), 25 Ohio St. 3d 173, 25 OBR 214, 495 N.E.2d 578. On remand, we hold that R.C. 2907.03(A)(5) is not void for vagueness.

The parts of the statute under attack are:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"* * *

"(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or *person in loco parentis.*" (Emphasis added.)

It is important to understand that the trial court held the phrase "person in loco parentis" facially void for vagueness and not void as applied to this defendant. We note the following features of the record before us: the bill of particulars charged defendant with being "a person standing in the place of a parent to Crystal Ellison"; this language translated the Latin phrase to English[1]; the bill of particulars in effect deletes the words "the guardian or the custodian or the stepparent," which preceded the phrase under scrutiny in the indictment; the defendant's motion was to dismiss the case because the statute "is unconstitutionally vague and overbroad[2] *as applied to him* in the instant case" (emphasis and footnote added); nevertheless, the court held that the statutory words "loco parentis" (*sic*) are *facially* void for vagueness. The body of the entry reads in full:

" 'This matter having come on for hearing by this Court on the Motion of the defendant to Dismiss the Indictment and Bill of Particulars and the Court being fully advised in the matter does hereby grant said motion only to the extent that it finds:

" 'The portion of O.R.C. 2907.03 (A)(5) which uses the Latin words "loco parentis" is in violation of the mandates of the Constitution of the Constitution of the United States [*sic*] and the Constitution of the State of Ohio as being void for vagueness and is therefore unconstitutional.

" 'In all other respects, said motion is denied.' " *State* v. *Hayes, supra,* at 173-174, 25 OBR at 215, 495 N.E.2d at 579.

The court did not state any reasons

---

[1] The indictment need not be in the exact language of the statute and is sufficient if it gives the accused notice of the offense of which he is charged. R.C. 2941.05; *State* v. *Oliver* (1972), 32 Ohio St. 2d 109, 61 O.O.2d 371, 290 N.E.2d 828, syllabus.

[2] As stated later in this decision, we are not dealing with First Amendment rights ("constitutionally protected conduct"), and therefore the question of overbreadth is not before us. Overbreadth is a constitutional defect only in statutes prohibiting constitutionally protected conduct. *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, 114 *et seq.*

for its conclusion beyond the explanation in this entry, but we note that at the end of the hearing on defendant's motion to dismiss, the court stated that the use of a Latin phrase was "bad drafting."

We are told on appeal that Crystal Ellison's relationship to defendant was that she was his wife's niece whose mother had died when Crystal was "very young," and that since that time Crystal has been raised in defendant's home; defendant and his wife became the dominant parental figures in her life. This information, however, was not presented to the trial court on the record, and we must assume the trial court did not know it. Therefore, we have no evidence upon which to approach the question of constitutionality on the basis of its application to defendant. We must approach the statute facially; that is, we must consider its general application to any situation that might fall within its meaning.

The conduct prohibited by R.C. 2907.03(A)(5) is sexual conduct between a parent, stepparent, guardian, custodian or person *in loco parentis*. This conduct is clearly not protected by the First Amendment; it is not what is sometimes called "constitutionally protected conduct." Total freedom of association is protected by the First Amendment but not total freedom of sexual relationships or of sexual conduct. The point is important. Facial attacks on statutes involving constitutionally protected conduct are resolved by considering whether there is any situation in which the protected rights will be impermissibly restricted, whether any particular situation involves the complaining litigant, whereas facial attacks on statutes *not* involving constitutionally protected conduct are tested by entirely different considerations. Where "unprotected" conduct is prohibited by statute, the test of its constitutionality is whether the statute is "impermissibly vague *in all of*

*its applications.*" (Emphasis added.) *Village of Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 497, Part IV A; *United States* v. *Mazurie* (1975), 419 U.S. 544, 550. Otherwise stated, the inquiry is whether R.C. 2907.03(A)(5), and particularly the phrase "person in loco parentis," is sufficiently clear to prohibit in understandable language any conduct at all. *United States* v. *Powell* (1975), 423 U.S. 87, 92-93.

The inquiry about a clear statement is whether ordinary people will understand what conduct is prohibited and whether arbitrary or discriminatory enforcement is inhibited:

"* * * Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." (Footnotes omitted.) *Grayned* v. *City of Rockford* (1972), 408 U.S. 104, 108-109.

An example of an impermissibly vague statute, for instance, is one that prohibits " '[making] any unjust or unreasonable rate or charge in * * * dealing in or with any necessaries,' " language which was held void for vagueness in *United States* v. *L. Cohen Grocery Co.* (1921), 255 U.S. 81, 86, 89, because it failed to describe the proscribed conduct with ascertainable certainty.

We do not find the same fault in the

phrase "person in loco parentis" as used in R.C. 2907.03(A)(5), or in the translated phrase "person in the place of a parent."[3] In the first place, the phrase is the last of a series of descriptive words; it follows after "natural or adoptive parent, or a stepparent, or guardian, [or] custodian." Under the doctrine of *ejusdem generis,* the phrase acquires an ascertainable and intelligible meaning. The meaning is that one of the relationships in which sexual conduct is prohibited is the one between a child or younger person and an older person that resembles ("is like") the relationship children have with their biological parents. That relationship may be described, in varying degrees, as close, supportive, protective, authoritative, and continuous. See the scholarly opinion in *Thomas* v. *United States* (C.A.6, 1951), 189 F.2d 494.

In the second place, the phrase "in loco parentis" is found in dictionaries of general use: The American Heritage Dictionary (2 College Ed. 1982) 663; The Random House Dictionary (1966) 733; Webster's Third New International Dictionary (1971) 1165. It is also found in law dictionaries: Ballantine's Law Dictionary (3 Ed. 1969) 943; Black's Law Dictionary (5 Ed. 1979) 1030. The Constitution does not require that penal statutes shall be stated in street language, and the use of Latin is not automatically unconstitutional. The common law is replete with Latin phrases and derivations: Mellinkoff, The Language of the Law (1963), Chapter VII; and we use many Latin phrases in criminal statutes. For instance, Ohio has three statutes that prohibit a "trespass" in the structures or premises of another. R.C. 2911.11 through 2911.13. We discern no appreciable difference in the common understanding of what is a trespass and what is a person *in loco parentis.*

In the third place, it is a matter of common knowledge and experience that some young people live with and are raised by adults not their biological parents who establish a relationship similar to if not indistinguishable from the relationship a child has with his/her biological parents. Many situations are readily identifiable as involving a "person in loco parentis." Admittedly, it is possible that other situations may arise in which the sexual conduct is between persons who have a twenty-year or a thirty-year difference in age, but whose relationship has few, if any, of the other attributes of the parent/child, guardian/child or custodian/child relationships. Those possibilities, however, are not relevant to the test of facial constitutionality for the statute under consideration. We are not concerned with "chilling" First Amendment rights. Our concern is whether the description of the criminal act is stated clearly so that average people and enforcement personnel both understand its meaning and impact.

The United States Court of Appeals for the Sixth Circuit reviewed the use of the phrase "in loco parentis" to describe permissible beneficiaries under the National Service Life Insurance Act, Section 801 *et seq.,* Title 38, U.S. Code, and concluded that while it had no generally accepted common-law meaning (under English decisions rendered prior to the American Revolution), it had a meaning sufficiently definite that it could be applied to the facts of the case on appeal. *Thomas* v. *United States* (C.A.6, 1951), 189 F.2d 494, 505. See, also, *Banks* v. *United States* (C.A.2, 1959), 267 F.2d 535. The meaning of the phrase is not an imponderable.

---

[3] "A statute or ordinance is not necessarily void for vagueness, however, merely because it could have been more precisely worded." *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 451.

We hold that "person in loco parentis" is not facially void for vagueness. We reverse the judgment below and remand this case for further proceedings.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KEEFE and BLACK, JJ., concur.