THE STATE OF OHIO, APPELLANT, *v.* COOK, APPELLEE.

(No. CA86-07-107 — Decided
February 17, 1987.)

*John F. Holcomb,* prosecuting attorney, *Michael J. Sage* and *Daniel Eichel,* for appellant.

*Matthew J. Crehan* and *Mark Hardig,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

This is an appeal by the state of Ohio, under R.C. 2945.67, from an entry of the Court of Common Pleas of Butler County granting a motion by defendant-appellee, Gerald Cook, to amend an indictment.

On November 8, 1985, the Butler County Grand Jury issued an indictment charging appellee with one count of involuntary manslaughter in violation of R.C. 2903.04(B).[1] Specifically, the indictment charged appellee with causing the death of another:

"As a proximate result of the said Gerald Cook's committing a misdemeanor, to wit: Negligent Assault[,] contrary to Ohio Revised Code, Section 2903.14(A), which offense [R.C. 2903.04(B)] is an aggravated felony of the third degree, in violation of the Ohio Revised Code, * * * Involuntary Manslaughter[,] Section 2903.04(B), and against the peace and dignity of the State of Ohio, and with, [the]

"Specification that the Grand Jurors further find and specify pursuant to R.C. 2941.141 that the defendant Gerald Cook had a firearm on or about his person or under his control while committing the offense."

On April 29, 1986, appellee filed a motion to either dismiss the indictment or amend the charge to negligent homicide under R.C. 2903.05.[2] Appellee argued that if his underlying conduct constituted a negligent assault upon the victim, which thereafter ultimately resulted in the victim's death, then that conduct, negligent in nature, could never rise above negligent homicide.[3] The state filed a memorandum in opposition to appellee's motion. Following a hearing on the motion, the trial court, by judgment entry dated July 8, 1986, found merit in appellee's argument and ordered the indictment amended to charge negligent homicide. The state has appealed in a timely fashion and claims that the common pleas court erred in granting appellee's motion to amend the indictment.

The state brings this appeal under R.C. 2945.67(A) which provides, in part, that:

"A prosecuting attorney * * * may appeal as a matter o[f] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment

---

[1] R.C. 2903.04(B) states that:

"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor."

[2] Negligent homicide, defined in R.C. 2903.05(A), provides that:

"No person shall negligently cause the death of another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code."

[3] Negligent assault, the underlying misdemeanor in the indictment, as set forth in R.C. 2903.14, reads, as follows:

"No person shall negligently, by means of a deadly weapon or dangerous ordnance * * *, cause physical harm to another."

* * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."

The General Assembly adopted R.C. 2945.67 to offset the imbalance between a criminal defendant's right to appeal the trial court's final orders while the prosecution, as a general rule, enjoyed no such right. See *State v. Davidson* (1985), 17 Ohio St. 3d 132, 17 OBR 277, 477 N.E. 2d 1141.

The state asserts its right to appeal under this statute, relying upon the Ohio Supreme Court's recent decision of *State* v. *Hayes* (1986), 25 Ohio St. 3d 173, 25 OBR 214, 495 N.E. 2d 578. In *Hayes,* the defendant was indicted for sexual battery, in violation of R.C. 2907.03(A)(5).[4] The indictment alleged that at the time of the offense, the defendant was the victim's " 'guardian or the custodian or the stepparent or a *person standing in the place of a parent.' "*(Emphasis added.) The defendant filed a motion to dismiss, alleging that the "in loco parentis" language of R.C. 2907.03 (A)(5) was unconstitutionally vague.

The trial court held that the limited portion of the indictment charging the defendant with being a person in loco parentis to the victim was unconstitutional. The court permitted the remainder of the indictment to stand since the trier of fact could find that the defendant was the victim's stepparent, guardian or custodian. The court of appeals concluded that there was no final appealable order and dismissed the appeal for want of jurisdiction.

The Supreme Court reversed,

holding that the trial court's ruling that the "in loco parentis" language of R.C. 2907.03(A)(5) was unconstitutional "effectively dismiss[ed] that part of the indictment * * * [and,] [t]hus, the order of the trial court falls squarely within R.C. 2945.67(A)." *Id.* at 175, 25 OBR at 216, 495 N.E. 2d at 580.

In the case at bar, the trial court did not dismiss any part of the indictment. The court only amended the charged crime from involuntary manslaughter to negligent homicide. The court did not dismiss or "strike" any language relative to the charged crime or criminal conduct. The state submits that the trial court's ruling, in essence, dismissed the firearm specification appearing on the indictment, thereby bringing the case within the purview of R.C. 2945.67(A).

The firearm specification appeared in the indictment under R.C. 2941.141 which requires that the indictment contain a separate specification charging the accused with having a firearm on or about his person or under his control while committing a felony. Such a specification must be added to the indictment so that the court may impose a term of actual incarceration under R.C. 2929.71(A) in addition to whatever sentence is imposed for the underlying crime. See *State* v. *Fisher* (1985), 26 Ohio App. 3d 197, 26 OBR 289, 498 N.E. 2d 464. R.C. 2941.141 and 2929.71 must be read *in pari materia* since they relate to the common subject of sentencing. R.C. Chapter 2929 deals specifically with penalties and sentencing, not the substantive elements of any criminal offense.

---

[4] Under R.C. 2907.03(A)(5):

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
"* * *

"The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, *or person in loco parentis.*" (Emphasis added.)

We interpret R.C. 2945.67 as giving the prosecutor a right to appeal the dismissal of all or part of an indictment when such dismissal concerns the substantive elements of the charged offense. Where such a dismissal would destroy the state's case or inhibit the state from proceeding with the charges, the state would have a right to appeal. In the case at bar, however, the trial court did not dismiss the pending charge nor did it eliminate any portion of the indictment which would "otherwise facially vitiate [the] * * * charge." *Hayes, supra,* at 175, 25 OBR at 216, 495 N.E. 2d at 580 (Sweeney, J., dissenting).

The state additionally argues that the trial court's amendment is improper under Crim. R. 7(D) and, therefore, appealable.[5] We disagree. The provisions of Crim. R. 7(D) are primarily for the defendant's protection. The rule prohibits any amendment to the indictment which would change the nature or identity of the charged crime so the accused can always be aware of the charges he faces and can prepare his defense accordingly. Appellee specifically waived any errors under Crim. R. 7(D) associated with the amendment when the trial court changed the charge to negligent homicide. Crim. R. 7(D) is simply inapplicable under the facts of this case.

Since the decision which is the subject of the case at bar is not one which the state may appeal as a matter of right under R.C. 2945.67(A), an appeal may only be brought by leave of the court to which the appeal is taken. See *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629. Since leave to appeal was not obtained,

we find that there is no final order which may be appealed and we hereby dismiss the case for want of jurisdiction.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that this appeal is dismissed.

*Appeal dismissed.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.

---

[5] Crim. R. 7(D) prohibits any amendment or change in the indictment which changes the name or identity of the charged crime.