JOURNAL ENTRY AND OPINION
Defendant-appellant Paula A. Ritter (appellant) appeals from order of the Parma Municipal Court finding her guilty on the charge of disorderly conduct in violation of R.C. 2917.11(B)(2). For the following reasons, we affirm the judgment of the municipal court.
On September 17, 1998, a Brooklyn Police Department patrolman issued a citation charging appellant with disorderly intoxication in violation of Brooklyn Cod. Ord. 509.03(B)(2). The patrolman also issued another citation charging appellant with jaywalking in violation of Brooklyn Cod. Ord. 371.032.
Appellant initially entered a plea of not guilty to the charges against her. At a preliminary hearing on August 10, 1999, appellant changed her plea on the jaywalking charge to no contest. The prosecution then moved to amend the disorderly intoxication charge in violation of Brooklyn Cod. Ord. 509.03(B)(2) to the charge of disorderly conduct in violation of R.C. 2917.11(B)(2).
Appellant's attorney did not object to the prosecution's motion to amend the remaining charge against appellant down to a minor misdemeanor.[1] The trial court granted the prosecution's motion to amend the criminal complaint. After conducting a bench trial, the municipal court found appellant guilty of disorderly conduct. Therefrom, appellant filed a timely notice of appeal with this court.
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT IMPROPERLY AMENDED THE CRIMINAL COMPLAINT AND THE CITY FAILED TO SERVE THE COMPLAINT, AS AMENDED, UPON HER AS REQUIRED BY OHIO CONST. ART. 1, § 10.
 II, THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO PROCEED ON A CRIMINAL COMPLAINT THAT WAS NOT FILED WITH THE COURT.
In her first and second assignments of error, appellant in effect argues that the trial court erred in granting the prosecution's motion to amend the disorderly intoxication charge in violation of Brooklyn Cod. Ord. 509.03(B)(2) down to disorderly conduct in violation of R.C. 2917.11(B)(2). Appellant bases her arguments on Crim.R. 7(D).
Crim.R. 7(D) provides:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *
Appellant insists that the amendment from a fourth degree municipal misdemeanor to a state minor misdemeanor constituted a change in the identity of the crime charged and, therefore, the amendment did not conform with Crim.R. 7(D). Notwithstanding, we find that appellant's attorney waived any Crim.R. 7(D) objection by not raising it at the time of the amendment:
 THE COURT: * * * Mr. Gareau do you wish to be heard as to the motion and as to your rights regarding amendments of the complaint under Rule 7.
Mr. GAREAU: No.
 THE COURT: Okay. Court will grant the motion. * * * (Tr. 5.)
As this court stated in State v. Vega (July 10, 1997), Cuyahoga App. No. 70600, unreported:
 It is well established that the provision of Crim.R. 7(D) is for the protection of the defendant, who can waive it. State v. Cook
(1987), 35 Ohio App.3d 20, 519 N.E.2d 419; State v. Howard (April 28, 1994), Cuyahoga App. No. 65004, unreported; State v. Curry
(Dec. 17, 1992), Cuyahoga App. No. 63770, unreported. Accordingly, defendant waived any error by not objecting at the time of the amendment.
Based upon the foregoing, we find that appellant waived her Crim.R. 7(D) objections by raising the arguments for the first time on appeal. Appellant's assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM.J. and JAMES D. SWEENEY, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE
[1] Brooklyn Cod. Ord. 509.03(B)(2) is a misdemeanor of the fourth degree, with a penalty of not more than thirty days in prison and a maximum fine of two hundred fifty dollars. R.C.2917.11(B)(2) is merely a minor misdemeanor, with a maximum fine of one hundred dollars.