OPINION
The State of Ohio appeals the September 13, 2000 judgment entry by the Ashtabula County Court of Common Pleas, ultimately dismissing the indictment filed against defendant, Pablo LaTorres ("appellee"). This appeal consolidates two separate appeals filed by the State of Ohio.
On May 3, 2000, the Ashtabula County Grand Jury charged appellee with nineteen (19) counts of rape, in violation of R.C. 2907.02(A)(1), felonies of the first degree, and three (3) counts of corruption of a minor, in violation of R.C. 2907.04(A), felonies of the fourth degree. Each count alleged a separate sexual encounter within a particular time frame. Overall, the twenty-two count indictment covered a five-year span, beginning January 1995 until December 1999. One of the alleged victims was under the age of thirteen during the entire five-year period. The other alleged victim was under the age of thirteen for a majority of the five-year period. Appellee was arraigned on May 9, 2000, pleading "not guilty" to all counts.
Subsequently, on May 16, 2000, appellee filed a motion for an incamera inspection of the grand jury proceedings to determine the validity of the twenty-two count indictment and whether there was any evidence supporting the charges. Appellee contended the time, place, and date of each count were so vague that he was unable to formulate a defense for each charge. Appellee also filed a motion to make definite the date and time for each count because the time period for each alleged sexual encounter occurred sometime during a five to six month period.
On June 16, 2000, a hearing was conducted to address appellee's motions. In a judgment entry filed July 17, 2000, the trial court granted appellee's motion for an in camera inspection of the grand jury proceedings, stating the indictment covered a huge time span and each count was extremely vague as to when the alleged incident may have occurred. The trial court also granted, in part, appellee's motion to make definite counts one through ten and thirteen through twenty-two, but overruled the motion to make definite counts eleven and twelve. The trial court reasoned that, although the state has some latitude in alleging a general time frame for cases involving continued sexual abuse of young children, it is impossible for appellee to reasonably respond to the charges.
Thereafter, on July 24, 2000, the state submitted a bill of particulars, describing the specific location and circumstances for each count. The bill of particulars indicated that the alleged sexual encounters occurred either at appellee's apartment or trailer home and involved the payment of money in return for sexual relations. The state also filed a motion for reconsideration of the July 17, 2000 judgment entry and a second response to appellee's motion to make definite. On September 7, 2000, the trial court denied the state's motions stating that, although the state is not required to set forth an exact time, the state may not select arbitrary and contiguous time frames.
The state filed another amended bill of particulars on September 11, 2000. In particular, count ten now included language that an alleged sexual encounter occurred on or between the months of April 1999 and May 1999, signifying the date of conception of appellee's child, the mother allegedly being the older victim. Furthermore, other counts now alleged that some sexual incidents occurred approximately after appellee move into his apartment or trailer, during the summer of 1998, and sometime during the month of December 1999.
The very next day, September 12, 2000, the state again filed an amended bill of particulars. This amendment changed the location of some of the alleged incidents to 1236 West 36th Street, appellee's prior address before moving into his apartment. The state further narrowed the alleged encounters, occurring during the summer of 1998, to now occurring prior to the time appellee left for Puerto Rico that summer.
On September 13, 2000, a bench trial commenced. Appellee orally requested the dismissal of counts one through ten and thirteen through twenty-two because the state failed to comply with the July 17, 2000 judgment entry, requiring the time frame for some counts to be narrowed. After hearing arguments and reviewing the September 12, 2000 amended bill of particulars, the trial court found that the amended bill of particulars narrowed the time span for some counts; however, other counts were still far-reaching and vague. Accordingly, the trial court granted, in part, appellee's oral motion to dismiss counts two through four, six, and thirteen through twenty-two, stating these fourteen counts still covered an extensive period, making it impossible for appellee to respond. During the trial court's recess, the state filed a notice of appeal, concerning the trial court's oral dismissal of the fourteen counts.
Upon reconvening, the state informed the trial court that a notice of appeal was filed; therefore, the court was without jurisdiction to proceed. Extensive discussion took place, and the court again recessed. Upon return, the trial court stated that the remaining counts were severable and unrelated to the fourteen counts that were already dismissed. The court found that each count alleged a separate act of criminal conduct, there was no overlap between the time frame of the remaining eight counts and the fourteen counts that were dismissed, and the remaining counts were not affected by the dismissal of the fourteen counts. The trial court also added that the dismissal of the fourteen counts was interlocutory and not a final appealable order.
The state again reiterated its position, stating that jeopardy would attach; however, the trial court explained that jeopardy would not attach because the fourteen counts were dismissed before trial. The trial court warned the state that, if it did not proceed, the remaining counts would be dismissed, with prejudice, for failure to prosecute. The state indicated that it would not go forward at that time. The trial court dismissed, with prejudice, the remaining counts.
That same day, September 13, 2000, the trial court filed a judgment entry, reflecting the court's actions. The following day, September 14, 2000, the state filed a second notice of appeal, concerning the dismissal, with prejudice, of the remaining counts. On September 28, 2000, this court, sua sponte, consolidated both appeals. The state asserts the following assignments of error:
 "[1] The trial court erred, to the prejudice of the state of Ohio, when it granted, in part, defendant's motion to dismiss indictment.
 "[2] The trial court erred when it proceeded with the remaining eight charges in the indictment after the state of Ohio filed its notice of appeal, pursuant to R.C. § 2945.67(A), as it no longer had jurisdiction over the matter.
 "[3] The trial court erred when it dismissed, with prejudice, the eight remaining counts of the indictment."
 In the state's first assignment of error, the state contends the trial court erred by looking beyond the face of the indictment to determine its validity because a court may not examine the sufficiency of the evidence on a motion to dismiss the indictment. Specifically, the state postulates that the court erred when it looked beyond the face of the indictment to the grand jury proceedings because appellee did not demonstrate a "particularized need." The state also argues that precise dates are not essential elements of rape or corruption of a minor; therefore, this alone was not a basis for dismissing the fourteen counts.
An accused, charged with a felony, is entitled to an indictment that sets forth the nature and cause of the charges filed against him. Section10, Article I, Ohio Constitution. An indictment is sufficient if it can be understood that the alleged offense was committed some time prior to filing of the indictment. R.C. 2941.03(E). Further, if a defendant requests more specificity, as to the charges, Crim.R. 7(E) requires the state to provide a bill of particulars, describing the specific nature of the offense and the alleged conduct of the defendant. However, the purpose of a bill of particulars is not to provide the defendant with specifications of the evidence or to serve as a substitute for discovery; rather, the purpose of a bill of particulars is to "elucidate or particularize the conduct of the accused." State v. Lawrinson (1990),49 Ohio St.3d 238, 239 (citing State v. Sellards [1985],17 Ohio St.3d 169.)
A trial court's decision to dismiss all or some of the charges in an indictment is examined under an abuse of discretion standard, meaning the decision will not be reversed unless the trial court's determination was unreasonable, arbitrary, or unconscionable. State v. Miller (Dec. 4, 1998), Montgomery App. No. 17273, unreported, at 2; State v. Lunce (Feb. 12, 1993), Marion App. No. 9-92-51, unreported. A motion to dismiss all or some of the charges in an indictment tests the sufficiency of the indictment without regard to the quantity or quality of the evidence that may be produced by either side. State v. O'Neal (1996),114 Ohio App.3d 335, 336. In other words, the proper determination, concerning the sufficiency of an indictment, is whether the charges fit the description of the offenses under the laws of Ohio. Id.
When an accused asserts that his rights have been violated because of the lack of a specific date and time for an alleged offense, this court has applied a three-prong analysis, adopted by the Supreme Court of Ohio. "First, it must be determined whether time was an element of the alleged offense. Second, it must be determined whether the state disclosed to the defendant all of the information it had concerning when the offense occurred. Third, even if full disclosure has taken place, it must be decided whether the state's inability to pinpoint the time has prejudiced the defendant's ability to fully defend himself." State v.Darroch (Dec. 10, 1993), Lake App. No. 92-L-104, unreported, at 3;Lawrinson, supra, 49 Ohio St.3d at 239.
In general, the precise date and time of an alleged offense in an indictment are immaterial to the essential elements of an offense; therefore, the failure to provide an exact date and time will not by itself warrant dismissal of a charge. Darroch at 3 (citing Sellards,17 Ohio St.3d at 171); State v. Barnecut (1988), 44 Ohio App.3d 149,151;State v. Stanley (Dec. 19, 1986), Lake App. No. 11-236, unreported, at 2. Nonetheless, if the state possesses information which would narrow the date and time of an alleged offense, the state must divulge such information when responding to a request for a bill of particulars.Sellards at 171.
Furthermore, in cases involving alleged sexual misconduct with young children, this court and other courts have held that it is not mandatory for the state to provide precise dates and times because young children are usually unable to remember such specific information and such incidents usually take place over an extended span of time. Darroch at 3; Lawrinson at 239; Barnecut at 151-152. Moreover, this court has held that in cases involving sexual abuse with young children, if the evidence supports a finding that the defendant was alone with the victim during the relevant time frame and the defense is that the sexual abuse never occurred, the inability to identify a specific date does not require reversal of a conviction. State v. Lesher (Oct. 8, 1993), Geauga App. No. 92-G-1681, unreported at 6. This court has also expressly held that date and time are not essential elements of the offense of rape.Darroch, supra, at 4 (citing Stanley, supra, unreported, at 2.)
Under the third prong, if after full disclosure by the state, the specific date and time of an alleged offense remains unavailable, this court has referenced cases from other jurisdictions which have held the defendant would be prejudiced, meaning a defendant would be unable to fully defend himself. Those include, when the running of the statute of limitations is at issue, when the age of the child is an element of the charged offense, or when the defendant can unequivocally show that he was elsewhere for a part of the alleged time frame specified in a charge.Darroch at 4 (citing Barnecut, supra, 44 Ohio App.3d 149 and State v.Gingell [1982], 7 Ohio App.3d 364, 367).
In particular, in State v. Kerr (Oct. 9, 1998), Lake App. No. 97-L-032, unreported, this court upheld the validity of a twelve-count indictment, charging the defendant with sexual abuse of two children under the age of thirteen, on or between September 1, 1994 and June 12, 1996. We held that the state was not aware of more exact dates and times, the defendant failed to show prejudice by the lack of exact dates and times, and the defendant did not rely on an alibi defense. Id. at 13-14. We also indicated that other courts in the past, including this one, have held that a defendant is not prejudiced in anyway when similar or more lengthy time spans are alleged for the occurrence of an offense.Id. at 15.[1]
In the case sub judice, in reviewing the trial court's dismissal of the fourteen counts, we conclude the trial court abused its discretion in determining that the fourteen counts of the indictment were so expansive and vague that appellee could not reasonably defend himself against them. In applying the first prong of the analysis, date and time is not an element of the offenses of rape or corruption of a minor. Each count of the indictment is tailored so that the age of the victims is not an essential element of the offense.
Next, as to the second prong, upon review of the record, there is no indication that the state intentionally withheld information that would substantially narrow the dates and times for each count. Rather, the record demonstrates that the state made numerous amendments to the bill of particulars, attempting to narrow the time spans for each count to include new information as it was discovered. Specifically, the day before trial, it was discovered that appellee went to Puerto Rico in August of 1998; therefore, the state provided this information in an amended bill of particulars as required. Also, during trial, the state explained that the time span for most counts was obtained solely from the victims' statements and appellee's admissions.
Finally, as to the third prong, at this stage of the proceedings, appellee has failed to demonstrate that he has been prejudiced by the time frames set forth in the indictment. Specifically, the time period for each count, pertaining to the older victim, is tailored so that there is no crossing over between age twelve and thirteen. Appellant was charged three counts of corruption of a minor, in violation of R.C. 2907.04(A) upon the older victim turning age thirteen. Further, the record also indicates that appellee had not filed a notice of an alibi defense prior to the commencement of trial as required by Crim.R. 12.1. Crim.R. 12.1 requires an accused to file a written notice of his intent to produce alibi evidence no less than seven (7) days before the commencement of trial. As previously stated by this court and other courts, in appropriate cases, the failure to provide a precise date and time for the occurrence of a charge does not warrant dismissal of all or part of an indictment. The instant case falls within those line of cases; therefore, the trial court abused its discretion in dismissing the fourteen counts of the indictment.
Moreover, grand jury proceedings are generally secretive, meaning an accused may not inspect grand jury testimony unless a "particularized need" for inspection exists, which outweighs the need for secrecy. Statev. Webb (1994), 70 Ohio St.3d 325, 337 (citing State v. Greer [1981],66 Ohio St.2d 139, paragraph two of the syllabus.) In other words, in considering the surrounding circumstances, a probability must exist that the failure to reveal the grand jury testimony will result in a denial of a fair trial. State v. Benge (1996), 75 Ohio St.3d 136, 145; Sellards,supra, 17 Ohio St.3d at 173; Greer at paragraph three of the syllabus. A particularized need is not demonstrated by general discovery requests where a defendant asserts the mere possibility that a review of the grand jury proceedings may provide more specific dates and times for each offense than the dates and times stated in the bill of particulars.State v. Ferrell (1992), 83 Ohio App.3d 294.
The grant or denial of a request for an in camera inspection of the grand jury proceedings is a matter within the sound discretion of the trial court. Greer, supra; Boehm, supra, unreported, at 3. Accordingly, a trial court's determination as to whether or not an accused has demonstrated a particularized need will only be reversed upon a showing of an abuse of discretion. State v. Lawson (1992),64 Ohio St.3d 336, 345. Abuse of discretion connotes the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In Sellards, supra, the Supreme Court of Ohio determined that the defendant demonstrated a particularized need to inspect the grand jury testimony because, during trial, three out of the four victims testified to significantly different time frames than those alleged in the bill of particulars. Id. at 173. Hence, the court reasoned that an inspection of the grand jury testimony would establish whether the victims suddenly remembered forgotten information, whether the state intentionally failed to solicit such information, or whether the testimony was solicited by the state, but intentionally withheld. Id.
In the case at bar, in reviewing the trial court's decision to grant appellee's motion for an in camera inspection of the grand jury proceedings, the trial court abused its discretion. The indictment clearly sets forth the essential elements of the offenses of rape and corruption of a minor. As stated above, based on the nature of the alleged offenses and the information available, the state was not obligated to provide more exact dates. At this stage of the proceedings, appellee did not demonstrate a "particularized need." Rather, appellee's motion, requesting an in camera inspection of the grand jury proceedings, merely stated that the time, place, and date of each count were so vague that he was unable to formulate a defense to each charge. For the reasons stated, the state's first assignment of error is well-taken and sustained.
In the state's second assignment of error, the state avers the trial court erred in ordering the state to proceed with its case because the trial court was without jurisdiction once the first appeal was filed. The state also contends the trial court was without authority to dismiss the remaining eight counts because those counts directly related to the appeal that was filed. Further, the state opines that dismissal of part of an indictment is a final appealable order.
Only a judgment or final order may be reviewed on appeal. R.C. 2953.02. A final order is one that affects a party's substantial rights by determining the action and preventing a judgment. R.C. 2505.02(B)(1). In particular, R.C. 2945.67(A) provides that the state may file a notice of appeal whenever a trial court dismisses all or part of an indictment.State v. Hayes (1986), 25 Ohio St.3d 173; State v. Berardinelli (Apr. 30, 1987), Cuyahoga App. No. 53284, unreported. In Hayes, the Supreme Court of Ohio has clearly held that a trial court's dismissal of a portion of an indictment constitutes a final appealable order.
Once an appeal is taken, a trial court is divested of jurisdiction over the matter under appeal except to take action in aid of the appeal.State v. Lorraine (Dec. 12, 1997), Trumbull App. No. 96-T-5494, unreported. As such, when a trial court takes action without jurisdiction on an issue under appeal, the resulting judgments or orders are null and void. Lorraine at 7; State v. Brown (Dec. 31, 1992), Ashtabula App. No. 91-A-1667, unreported, at 9. However, despite the filing of an appeal, a trial court is not divested of jurisdiction to proceed on the remaining counts of an indictment, which are not the subject of an appeal. State v. Heisler (Apr. 21, 1989), Portage App. Nos. 1943 and 1951, unreported.
In the instant case, although the trial court erred in dismissing the fourteen counts of the indictment, as determined in the state's first assignment of error, the dismissal of the fourteen counts was clearly a final separate appealable order. As to this portion of the state's second assignment of error, the state's argument is with merit.
Additionally, each count filed against appellee contains language that each alleged offense constitutes "on-going sexual conduct with the victim." This phrase is typically used to signify those instances in which a defendant's action constitutes a repeated violation; however, each violation is a distinct and separate offense, even when repeated. See, Darroch, supra, at 1. The trial court correctly determined that the court was not divested of jurisdiction to proceed on the remaining eight counts of the indictment. Those remaining counts were not the subject of the first appeal. Accordingly, even though the trial court's dismissal of the fourteen counts was improper, the state's argument, concerning the lack of jurisdiction to proceed and the lack of authority to dismiss the remaining counts, is without merit. It is not the role of a party or prosecutor to tell a trial court that it is wrong. That is the function of the appellate courts.
In the final assignment of error, the state contends the trial court's dismissal of the remaining eight counts with prejudice, after the state refused to go forward on those counts, was error.
The decision to dismiss or dismiss with prejudice all or part of an indictment is within the sound discretion of a trial court, and only an abuse of that discretion will warrant reversal on appeal. State v.Dixon (1984), 14 Ohio App.3d 396, 397. Crim.R. 48 sets forth the procedure for dismissal of a case. Crim.R. 48(B) provides that a trial court may dismiss all or part of an indictment. While Crim.R. 48(B) does not expressly provide for a dismissal of an indictment with prejudice, when the circumstances warrant such action, a trial court has discretion to do so. See Dixon, supra; State v. Sutton (1979), 64 Ohio App.2d 105, paragraph one of the syllabus; Berardinelli, supra, unreported. This is such a case.
In the case before us, the state unilaterally decided that it would not proceed with the prosecution of these eight counts. After some discussion, the state requested that the trial court dismiss the remaining counts without prejudice. The following exchange occurred between the trial judge and the prosecution:
 "THE COURT: * * * I believe that I can go forward on the eight counts. I have an indication from defense counsel that his client wishes to go forward today * * * if you chose not to do that, that [sic] I will enter a dismissal for failure to prosecute with prejudice on those counts. So do you wish to proceed on the eight counts at this time?
 "MS. BURNSIDE: * * * I respectfully request, if you are going to dismiss it, dismiss it without prejudice
as we do feel that jeopardy would attach * * *."
 "THE COURT: * * * I don't think it would be fair to the defendant at this point to dismiss and then state that it's without prejudice. * * * * * * You're stating then that you will not go forward?
 MS. BURNSIDE: That is correct, Your Honor." (Emphasis added.)
 It was totally inappropriate for the prosecution to tell the trial court what to do. The court had jurisdiction over the remaining eight counts, the defendant was present and prepared to go forward on that date, and the prosecutor did not ask or move to nolle prosequi the eight remaining counts. The prosecution apparently believed that the trial court did not have jurisdiction to proceed. Instead of proceeding with the prosecution of these counts and leaving the jurisdiction for appeal after the trial court made its determination that it had jurisdiction to proceed, the state unwisely decided to make its own jurisdictional decision and not proceed with the prosecution of the eight counts. No party, including the state, can tell a court when and how to proceed. While the prosecutor's frustration may be understandable, the state should have proceeded with the prosecution of those eight counts and address the jurisdictional on appeal, if necessary. The trial court advised the state of the consequences that would follow if the state failed to go forward. The trial court was in the best position to determine whether further delay or reindictment would prejudice appellee's constitutional or statutory speedy trial rights. While dismissal with prejudice is a harsh sanction and should be judiciously employed, we cannot say that the trial court abused its discretion when it took such action with respect to the eight remaining counts after the state refused to go forward with the trial on those counts on the date scheduled. The state's third assignment of error is without merit.
For the foregoing reasons, pursuant to the state's first assignment, pertaining to the trial court's dismissal of counts two through four, six, and thirteen through twenty-two, the judgment of the trial court is reversed. However, with respect to the state's second and third assignments of error, concerning the trial court's jurisdiction to proceed with the remaining eight counts and the subsequent dismissal of counts one, five, and seven through twelve, with prejudice, the judgment of the trial court is affirmed. Consequently, this matter is remanded for further proceedings consistent with this opinion in connection with the trial court's dismissal of counts two through four, six, and thirteen through twenty-two.
 ____________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., concurs, FORD, J., concurs with Concurring Opinion.
[1] See, e.g. Darroch, supra, unreported (this court upheld the span of one year for the occurrence of a charge because there was no bad faith by the state, each count was tailored so that age was not an element, the defendant was not deterred from developing a defense, and the defendant did not allege an alibi); Barnecut, supra, 44 Ohio App.3d 149 (a one-year time span was not prejudicial because the defendant had not demonstrated a materially detrimental effect in the preparation of his defense, nor did he alleged an alibi); State v. Boehm (Dec. 31, 1997), Montgomery App. No. 16335, unreported (although the time frame for some counts were two years or less, there was no evidence that the state knew of more specific dates, the defendant was not prejudiced, and the defendant did not assert an alibi); State v. Fitch (Feb. 6, 2001), Franklin App. No. 00AP-680, unreported (the defendant failed to demonstrate prejudice when the alleged charges occurred sometime between Nov. 1, 1989 and July 31, 1991, July 1, 1991 through Feb 29, 1992, and May 1, 1992 through March 1, 1993).