OPINION
{¶ 1} Defendant-appellant Mark Suarez appeals his conviction from the Canton Municipal Court on one count of driving while under the influence in violation of R.C. 4511.19(A)(7). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 7, 2002, appellant was arrested and charged with speeding in violation of North Canton Ordinance 333.03 and driving while under the influence in violation of R.C. 4511.19(A)(1).[1] The citation issued to appellant indicated that urine test results were pending. At his arraignment on February 8, 2002, appellant entered a plea of not guilty to the charges. Via a pretrial checklist filed on February 20, 2002, a jury trial was scheduled for April 10, 2002.
 {¶ 3} On February 25, 2002, appellant filed a Request for Discovery pursuant to Crim.R. 16 and a Request for a Bill of Particulars. Appellee, on March 22, 2002, filed its response to the same. Included in appellee's response was a report dated February 11, 2002, stating that appellant's urine test yielded a result of .30% urine ethanol content. Three days later, on March 25, 2002, appellant filed a motion requesting a continuance of the pretrial that was scheduled for March 27, 2002. Appellant, in his motion, indicated, in part, that he had just retained new counsel to represent him and that his newly retained counsel already had a trial scheduled in Akron Municipal Court on March 27, 2002.
 {¶ 4} Thereafter, on April 4, 2002, appellant filed a second Request for Discovery. On the same date, appellant filed a "Motion to Suppress/Limine (Oral Hearing Requested)" seeking to suppress and exclude from trial "any and all evidence obtained from the warrantless seizure of the Defendant." Appellant, in his motion, argued that there was no basis to stop appellant and also challenged the results of appellant's urine test. A duplicate "Motion to Suppress/Limine", along with a motion requesting leave to file the same, were filed on April 5, 2002. Appellant filed an additional Request for Discovery on April 9, 2002, and another "Motion to Suppress/Limine" and motion for leave to file the same on April 10, 2002.
 {¶ 5} After the trial court denied his Motion to Suppress/Limine as untimely and also denied his motion for leave to file the same, appellant, on April 10, 2002, appeared in court with counsel and entered a plea of no contest to the charge of driving while under the influence in violation of R.C. 4511.19(A)(7). The trial court found appellant guilty and the remaining charge of speeding was dismissed on appellee's motion. As memorialized in a Judgment Entry filed on April 10, 2002, appellant was fined $600.00 and ordered to serve 180 days in jail. All but six of the 180 days were suspended on condition of appellant's good behavior for two years. In addition, appellant was ordered to complete the Driver's Intervention Program by June 3, 2002, and appellant's driver's license was suspended for 180 days.
 {¶ 6} Pursuant to a Judgment Entry filed on April 12, 2002, the trial court stated as follows:
 {¶ 7} "This matter came before the Court, sua sponte, and hereby AMENDS* as follows:
 {¶ 8} "Count No. "1", that being Operating (Driving) a Motor Vehicle While Under the Influence of Alcohol and/or Drugs of Abuse is AMENDED to show Ohio Revised Code Section 4511.19(A)(1), (A)(7).
 {¶ 9} "All other sentencing orders from April 10, 2002 remain in effect."
 {¶ 10} Appellant now appeals his conviction, raising the following assignments of error:
 {¶ 11} "I. The trial court erred and violated the defendant's constitutional rights when it convicted the defendant of an offense (to wit 4511.19(A)(7) that he was never charged with having violated.
 {¶ 12} "II. The trial court abused its discretion to the prejudice of the defendant-appellant in denying a hearing on defendant's motion to suppress."
 I {¶ 13} Appellant, in his first assignment of error, argues that the trial court violated his constitutional rights when it convicted appellant of driving while under the influence in violation of R.C.4511.19(A)(7) when he was never charged with having violated the same. R.C. 4511.19(A)(7) states as follows: "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (7) The person has a concentration of two hundred thirty-eight-thousandths of one gram or more by weight of alcohol per one hundred milliliters of the person's urine."
 {¶ 14} As is stated above, the citation/complaint issued to appellant on February 7, 2002, charged appellant with speeding in violation of North Canton Ordinance 333.03 and driving while under the influence in violation of R.C. 4511.19(A)(1). The citation issued to appellant indicated that the results of appellant's urine test were "pending". Subsequently, a toxicology report, a copy of which was attached to appellee's March 22, 2002, response to appellant's Request for Discovery, indicated that appellant's urine ethanol content was .30%, which is over the limit set forth in R.C. 4511.19(A)(7).
 {¶ 15} At the plea hearing on April 10, 2002, appellant's counsel stated, in relevant part, on the record prior to appellant's no contest plea:
 {¶ 16} ". . . As this Court is well aware, this is a, an (A)(6) charge — act., actually, it's not even an (A)(6) charge — it's a . . .
 {¶ 17} "MR. O'BYRNE: . . . Seven.
 {¶ 18} "Mr. KUCHARSKI: . . . (A)(7) charge, Your Honor. It's a urine test in this that's above a point, .24. We would — or, .28, excuse me. . . ." Transcript of April 10, 2002, hearing at 8-9. Thereafter, appellant, through counsel, entered a no contest plea to the above charge.
 {¶ 19} Crim.R. 7(D) states, in part, as follows: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." While appellant now complains that the citation issued to him did not contain a charge under R.C. 4511.19(A)(7) but only a charge under (A)(1), it is clear that appellant, at the time of his plea, knew that he was entering a plea of no contest to a violation of R.C. 4511.19(A)(7). By failing to object to the amendment of the charge, appellant has waived any error. See State v. Cook
(1987), 35 Ohio App.3d 20, 519 N.E.2d 419 and City of Brooklyn v. Ritter
(Aug. 17, 2000), Cuyahoga App. No. 76979.
 {¶ 20} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 21} Appellant, in his second assignment of error, argues that the trial court abused its discretion in denying a hearing on appellant's Motion to Suppress. Appellant specifically contends that the trial court abused its discretion "when it found his Motion to Suppress to be filed out-of-rule and when it denied him leave to file the motion to suppress in light of all the facts and circumstances of this particular matter." We disagree.
 {¶ 22} The grant or denial of leave to file an untimely motion to suppress is within the sound discretion of the trial judge and, accordingly, will not be reversed on appeal absent a showing of an abuse of that discretion. Akron v. Milewski (1985), 21 Ohio App.3d 140, 142,487 N.E.2d 582, 584-585. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149.
 {¶ 23} Crim.R. 12(D) states, in relevant part, that "[a]ll pretrial motions . . . . shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." As is stated above, appellant, in the case sub judice, was arraigned on February 8, 2002. At a pretrial held on February 20, 2002, a trial date was set for April 10, 2002. Thus, pursuant to Crim.R. 12, pretrial motions should have been filed on March 15, 2002, which is 35 days after arraignment. Appellant's initial trial counsel, on February 25, 2002, filed a Motion for Discovery and Request for Bill of Particulars. As noted by appellant in his brief, appellee did not respond to the same until March 22, 2002, which was more than 35 days after appellant's arraignment.
 {¶ 24} Shortly thereafter, appellant retained new counsel who, on March 25, 2002, filed a motion seeking a continuance of the April 10, 2002, trial date. In addition, appellant, on April 4, 2002, which is less than seven days before trial, filed a Motion to Suppress. The next day, appellant filed a duplicate Motion to Suppress along with a motion for leave to file the same. At the plea hearing on April 10, 2002, the trial court stated the following on the record in explaining its reasons for denying appellant's Motion to Suppress as untimely:
 {¶ 25} ". . . The Court had advised — well, first of all, it would appear from the pleadings that the Leave to File the Motion to Suppress was filed befor. [sic], after the actual Motion to Suppress. However, in any event, the Court was, had indicated to Counsel it was denying its request because the Motion to Suppress was not timely filed. The record will also reflect — and the court document reflects this — that on March 25th, Counsel for the Accused was spoken to and asked that a, the pretrial conference be continued. Counsel was advised, Counsel's office was advised, that the pretrial, the Second Pretrial, would be held on March the — or, excuse me — April the 9th at 1:30, with the understanding that no continuance of the jury trial would be granted. That is clearly in the court's document, dated March 25th. Counsel understood that. That it was not going to be continued for the jury trial for today. Counsel as of that time, as of March 25th, needed to take whatever action it deemed appropriate. The Court didn't receive any leave to file a motion to suppress, didn't file a motion to suppress until the day before the jury trial. So Counsel sat on that from March 25th until April 9th. That's clearly in the court document; Counsel clearly understood as of March 25th there would be no continuance of the jury trial." Transcript of April 10, 2002, hearing at 8.
 {¶ 26} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's Motion to Suppress as untimely and in denying appellant's motion for leave to file the same out of rule. The trial court's decision was not arbitrary, unconscionable or unreasonable. While initial trial counsel did not file a Motion to Suppress, had appellant's newly retained counsel filed such a motion on March 25, 2002, the date on which he filed a motion seeking a continuance of the trial date, the motion would not have been timely filed. However, it appears from the record that had appellant, on March 25, 2002, requested leave to file a Motion to Suppress, the trial court would have granted such leave. Instead, as noted by appellee, appellant waited until April 4, 2002, just six days before trial, to file a Motion to Suppress. Moreover, as is stated above, appellant did not file a motion requesting leave to file his Motion to Suppress out of rule until the next day.
 {¶ 27} Since the trial court's decision overruling appellant's motion to suppress as untimely and also denying appellant's motion for leave to file the same was not arbitrary, unconscionable or unreasonable, appellant's second assignment of error is overruled.
 {¶ 28} Accordingly, the judgment of the Canton Municipal Court is affirmed.
By Edwards, J., Hoffman, P.J. and Wise, J. concur.
In Re — DUI — Motion to Suppress.
[1] The copy of the citation issued to appellant that is contained in the case file states that appellant also was charged with a violation of R.C. 4511.19(A)(4). R.C. 4511.19(A)(4) prohibits an individual from operating a motor vehicle if he or she has an alcohol concentration of "fourteen-hundreds of one gram or more but less than two hundred thirty-eight thousands of one gram by weight of alcohol per one hundred milliliters of the person's urine." A copy of the recognizance bond contained in the case file indicates that appellant was initially charged with violating R.C. 4511.19(A)(1) only. Since he had to wait for the urine test results, the Trooper could not have charged appellant under R.C. 4511.19(A)(4) on February 7, 2002. We cannot explain this discrepancy.