The State of Ohio, Appellant, v. Craig, Appellee.

[Cite as *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752.]

(No. 2006–1568—Submitted September 12, 2007—Decided October 31, 2007.)

———————

———————

O'Connor, J.

{¶ 1} On August 26, 2005, a Cuyahoga County grand jury indicted appellee, Norman A. Craig, for a single count of rape of a child in violation of R.C. 2907.02(A)(1)(b).

{¶ 2} Shortly thereafter, Craig subpoenaed records from the Cuyahoga County Department of Children and Family Services ("CCDCFS"), which previously had investigated an unrelated allegation of sexual abuse made by the victim. In response to the subpoena, CCDCFS moved for a protective order.

{¶ 3} In a journal entry dated November 1, 2005, the trial judge indicated that she had conducted an in camera inspection of the records, but did not expressly rule on the motion. The parties agree, however, that she denied the motion for protective order and ordered the records produced to Craig. The parties also agree that in doing so, the judge expressed an opinion that the victim had "credibility problems."

{¶ 4} Because Craig intended to use the CCDCFS records at trial, the state filed a motion in limine to prevent the use of the records, arguing that Ohio's rape-shield law, R.C. 2907.02(D), forbade their use. Numerous trial dates were set without a ruling on the state's motion.

{¶ 5} Shortly before trial was to commence on June 12, 2006, the trial judge inquired of the victim and heard counsel's arguments on whether the records could be used. The judge ruled that Craig could not use any evidence "of a sexual nature" in the CCDCFS records but permitted Craig to use other evidence that could potentially impeach the victim's credibility. In so doing, the judge commented that "[t]he entire case rests upon [the victim's] word."

{¶ 6} After a short recess, Craig announced his intent to waive his right to trial by jury and to proceed with a bench trial. The state then moved the trial judge to recuse herself, arguing that she had expressed an opinion about the victim's credibility in the course of hearing the motion for a protective order. The court denied the state's motion, accepted Craig's jury waiver, and ordered the parties to appear for trial shortly thereafter.

{¶ 7} The state contends that in an effort to prevent the trial from proceeding before that judge, it began preparing a petition for a writ of prohibition from the court of appeals. The assistant prosecuting attorney failed to appear for trial as ordered by the trial judge, who then dismissed the case for want of prosecution.

{¶ 8} The state filed a timely appeal from the dismissal. On June 21, 2006, the court of appeals, acting sua sponte, dismissed the appeal for lack of a final, appealable order. The journal entry memorializing the dismissal stated that "[w]hen a trial court does not specify whether a dismissal is with or without prejudice, we presume it was intended to be without prejudice. A dismissal without prejudice is not a final appealable order."

{¶ 9} We accepted the state's discretionary appeal, *State v. Craig*, 111 Ohio St.3d 1491, 2006-Ohio-6171, 857 N.E.2d 1229, which asserts a discrete proposition of law: the state may appeal, as a matter of right, any decision of the trial court that dismisses an indictment, regardless of whether the dismissal is without prejudice. The state premises its argument on two statutes, R.C. 2505.02, which governs final, appealable orders, and R.C. 2945.67, which speaks to the state's right to appeal the dismissal of an indictment in whole or in part. We find the latter statute dispositive and, accordingly, discuss only it.

### ANALYSIS

{¶ 10} R.C. 2945.67(A) states: "A prosecuting attorney * * * may appeal as a matter of right *any* decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment * * *." (Emphasis added.)

{¶ 11} In *State v. Hayes* (1986), 25 Ohio St.3d 173, 25 OBR 214, 495 N.E.2d 578, we addressed an issue similar to that raised here. In *Hayes,* a defendant charged with raping a child moved to dismiss the indictment, arguing that the "in loco parentis" language of R.C. 2907.03(A)(5) was unconstitutionally vague. Id. at 173, 25 OBR 214, 495 N.E.2d 578. The trial court agreed with the defendant's argument that the statute, in its use of the phrase "in loco parentis," was unconstitutional but refused to dismiss the indictment. Id. The state argued that by refusing to dismiss the entire indictment, the court had in effect prevented it from proceeding to trial, and sought review of the order in the court of appeals. Id.

{¶ 12} The court of appeals held that there was no final, appealable order from which the state could appeal and dismissed the case for want of jurisdiction. *Hayes,* 25 Ohio St.3d at 174, 25 OBR 214, 495 N.E.2d 578. We reversed, holding that the statutory language of R.C. 2945.67(A) "allows the state a direct appeal whenever the trial court grants a motion to dismiss all, or any part of, an indictment." Id. at 175, 25 OBR 214, 495 N.E.2d 578.

{¶ 13} Central to our holding in *Hayes* was the plain and unambiguous wording of R.C. 2945.67(A), not whether prejudice to the state arose from the dismissal. The statute clearly affords the state the right to appeal, as a matter of right, *any* decision that grants a motion to dismiss, without requiring that the dismissal be with prejudice. See id.

{¶ 14} The court of appeals concluded in this case that the state may not appeal from the dismissal of an indictment if the dismissal is without prejudice. That conclusion necessarily required the court to read words into the statute that do not appear there. It was an abuse of discretion for the court of appeals to do so. Courts neither have the authority to ignore plain and unambiguous statutory language, *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 347, 626 N.E.2d 939, nor may they insert words into a statute that have not been placed there by the General Assembly. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77.

{¶ 15} Although the record here is not clear as to whether the trial judge dismissed this case in response to a motion by Craig or on her motion, that distinction is of no import. As we noted in *In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 13, a judge's dismissal on her own motion is the equivalent of a decision granting a motion to dismiss pursuant to R.C. 2945.67(A).

{¶ 16} We need go no further. Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice.

{¶ 17} The court of appeals improperly dismissed the appeal. We reverse its decision and remand the cause to the court of appeals to proceed forthwith with its consideration of the state's appeal.

Judgment reversed<br>and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Lisa Reitz Williamson and Jon W. Oebker, Assistant Prosecuting Attorneys, for appellant.

Rufus Sims, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance on behalf of amicus curiae, Cuyahoga County Public Defender.