JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Harold Cunningham ("defendant"), appeals following his convictions on five counts of rape and five counts of kidnapping. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted with multiple counts of rape and multiple counts of kidnapping involving a five-year-old victim. Defendant was indicted with other counts that involved a different victim, which the trial court dismissed pursuant to Crim.R. 29 and are not the subject of the present appeal.
 {¶ 3} Prior to trial, defense counsel made an oral motion for a more definite bill of particulars. The State responded by indicating the incidents occurred when the victim was five in Kindergarten. The victim indicated that it happened on the back porch where defendant lived. According to the State, there was some indication in "the records" that the victim said it was warm out and that it was sunny. The State indicated it had provided information during the pretrials that it expected the testimony to establish that "it was five digital penetrations and one oral, and that's the six counts of the indictment." The State maintained it had disclosed all the specifics known to it at that time.
 {¶ 4} The defense moved in limine to prohibit the State from introducing any specific time, place, and dates that were not specified prior to trial. The court found that the case law allowed the State the latitude of disclosing what is made known to it as to time, date, and place specifics as to offenses involving a child victim. But, the court ruled as follows, "if it appears obvious to the Court that there was specific *Page 4 
factual issues laid in a normally unobjectionable leading question for a child witness, then I will state those objections for the reason that the State would not have been totally forthcoming with the facts in its position with respect to dates, times or other specifics with respect to the alleged incidents. So that is, in this Court's view, a granting in part as to the oral motion in limine by the Defendant."
 {¶ 5} The trial court conducted a voir dire of the child victim and found her competent to testify. Trial commenced and the victim testified that defendant put his fingers inside her "privates" five different times. The victim repeatedly testified that this behavior occurred twice on the porch and three times inside the house, specifically, the living room, bedroom, and kitchen. On cross-examination, the victim denied telling the social worker that the defendant licked her, denied telling the social worker that the incidents occurred only on the porch, and denied telling the social worker that there were seven rather than five occasions when it occurred.
 {¶ 6} At trial, the victim was able to recall specific details about each incident, including what she was wearing, who else was on the premises, and what she was doing before the incidents occurred.
 {¶ 7} In addition to the victim, the State also presented the testimony of the victim's mother, a psychiatrist that saw the victim, the social worker who interviewed the victim, and the investigating officer. The victim's mother indicated the days on which the victim was at defendant's house and that her daughter reported being abused by defendant. The psychiatrist indicated that the victim told him defendant *Page 5 
had touched her private areas on five different occasions. He diagnosed the victim as suffering from oppositional defiant disorder. The social worker testified that the victim told him the incidents happened at defendant's house on the porch. He testified that if the victim testified that incidents occurred in other locations, that would be more than what she had disclosed to him. The defense did not call any witnesses.
 {¶ 8} The jury found defendant guilty of rape (counts one through five) and guilty of kidnapping (counts seven through eleven). The trial court sentenced defendant to five terms of life in prison and labeled defendant a sexual predator.
Defendant raises four assignments of error, which are addressed below.
 {¶ 9} "I. The trial court erred in finding the victim [D.C.][1]
competent to testify."
 {¶ 10} In this assignment of error, defendant argues that the seven-year-old victim was not competent to testify under Evid.R. 601 and the factors set forth in State v. Frazier (1991), 61 Ohio St.3d 247.
 {¶ 11} Ohio Rule of Evidence 601(A) provides:
 {¶ 12} "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." *Page 6 
 {¶ 13} The trial judge has a duty to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247, 250-51. In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or observe acts about which she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of her responsibility to be truthful. Id. at 251. The determination of competency is within the trial judge's sound discretion. Id. Absent a showing of an abuse of discretion, a reviewing court will not disturb the trial court's ruling. State v. Hogan (June 8, 1995), Cuyahoga App. No. 66956.
 {¶ 14} Defendant contends that the trial court abused its discretion by finding the victim was competent to testify.
 {¶ 15} During the competency examination, the trial court had the opportunity to observe the victim respond to questions on direct and cross-examination. The trial court also asked its own questions of her. At the conclusion of the questioning, the trial court found that she was competent. We do not find that the trial court abused its discretion by finding the victim competent to testify.
 {¶ 16} It is not the role of the trial judge to determine that everything a child will testify to is accurate, but whether the child has the intellectual capacity to accurately *Page 7 
and truthfully recount events. State v. Allen (1990),69 Ohio App.3d 366, 374. Any inconsistencies between the victim's trial testimony and the testimony of other witness's relate to her credibility, not her competency. State v. Cobb (1991), 81 Ohio App.3d 179, 183. The victim's credibility was for the jury's consideration. State v. Allen (1990),69 Ohio App.3d 366, 374; State v. Chamberlain (July 25, 1991), Cuyahoga App. No. 58949.
 {¶ 17} The child informed the court that she knew the meaning of "a promise" and essentially described it as doing something that you said you would do. Particularly, she used the example of her mother promising to let her go outside if she went to the store to buy milk. If she returned with the milk, her mother would have kept her promise by letting her go outside. The victim confirmed that she understood what it means to tell the truth. The victim was able to answer questions about her schooling and her family members names and ages. She knew her birthday and how old she was going to be on her next one. She knew it was bad to lie and that there could be consequences for lying, such as jail, and her dad told her she would be punished for lying. She knew that Cat and the Hat is pretend and she was able to properly identify that Halloween was coming soon. The victim also recognized that it would be a lie for a person who was wearing a black and grey suit to say that they were wearing a red suit. Upon cross-examination by defense counsel, the victim indicated that she did not know if mermaids were real or not. She further stated that she would not lie even if someone told her to do so. *Page 8 
 {¶ 18} The court acknowledged the criteria for determining competency and found that there was sufficient evidence of all of them to support a finding that the victim was competent to testify. The competent, credible evidence, as summarized above, would support the trial court's decision, which was, therefore, not an abuse of discretion.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal on counts one through five when there was insufficient evidence to prove the elements of rape."
 {¶ 21} Defendant maintains that there was insufficient evidence to prove the five counts of rape and that the trial court should have granted his motion for acquittal.
 {¶ 22} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. *Page 9 
 {¶ 23} Defendant was charged with five counts of rape in violation of R.C. 2907.02, which provides:
 {¶ 24} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
 {¶ 25} "* * *
 {¶ 26} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 27} Defendant contends the evidence is lacking as to the "sexual conduct" element and the nature, time and location it occurred.
 {¶ 28} "Sexual conduct" is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another * * *."
 {¶ 29} The child victim repeatedly testified that the defendant inserted his fingers into her "privates" on five separate occasions. She testified that it occurred twice on the porch, once in the living room, once in the kitchen, and once upstairs. The victim detailed what she was wearing on the different occasions, what she was doing, and who else was on the premises. While there were some discrepancies among her statements to the social worker and her trial testimony, that does not *Page 10 
negate that there was sufficient evidence to submit each of the five counts to the jury.
 {¶ 30} Assignment of Error II is overruled.
 {¶ 31} "III. The appellant's convictions for rape are against the manifest weight of the evidence."
 {¶ 32} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. To warrant reversal of a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Id.
 {¶ 33} Defendant maintains his convictions were against the weight of the evidence due to the discrepancies in the child victim's trial testimony and the statements she made to the social worker.
 {¶ 34} The jury heard the testimony and the defense thoroughly cross-examined the child victim. She estimated that the incidents occurred while she was in Kindergarten. The defense elicited testimony from the then seven-year-old witness in which she denied making certain statements to the social worker. The victim did consistently maintain that the defendant digitally penetrated her on five *Page 11 
different occasions, which supports the verdicts rendered by the jury against defendant. It was within the jury's province to weigh the evidence and the credibility of the child witness. We cannot say that the jury clearly lost its weigh in resolving the conflicts in the evidence such that the guilty verdicts on five counts of rape would constitute a manifest miscarriage of justice.
 {¶ 35} Assignment of Error III is overruled.
 {¶ 36} "IV. The trial court erred in not granting appellant's request for a more specific bill of particulars."
 {¶ 37} Defendant maintains that he was denied due process when the trial court did not grant his request for a more specific bill of particulars. Defendant relies on Valentine v. Konteh (C.A. 6, 2005), 395 F.3d 326. In Valentine, the defendant faced an indictment that charged two generic offenses with 20 counts for each offense over a 10-month time span. The victim testified to a general pattern of abuse and the State failed to "anchor" the 40 counts to "forty distinguishable criminal offenses." Although Valentine argued that the wide date range prejudiced his ability to defend himself, the district court held that the problem was not "the fact that the prosecution did not provide the defendant with exact times and places. If there had been singular counts of each offense, the lack of particularity would not have presented the same problem. * * * Valentine was prosecuted for two criminal acts that occurred twenty times each, rather than for forty separate criminal acts." Id. at 631. *Page 12 
 {¶ 38} This case is not like Valentine because the State did present evidence at trial to differentiate each of the five counts for which defendant was convicted. E.g., State v. Hardy, Cuyahoga App. No. 86722,2007-Ohio-1159, ¶¶ 27-31 (quoting Valentine's finding that, "`* * * due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or during the trial.'" (Emphasis added)); see, also, State v. Yaacov, Cuyahoga App. No. 86674,2006-Ohio-5321, ¶¶ 17-25 (distinguishing Valentine and finding that where "[t]he bill of particulars identified the victim, her date of birth, and the places the crimes occurred * * * the victim's testimony provided discernible facts to substantiate the charges.")
 {¶ 39} In accordance with Valentine, the State in this instance did cure any due process problems in the indictment before and during trial by delineating the factual bases for the five separate counts.
 {¶ 40} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR.
[1] The child-victim is referred to herein by her initials or title in accordance with this Court's established policy regarding non-disclosure of identities of juveniles. *Page 1