JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that granted the motion to dismiss the indictment of appellee, William J. Barrett. For the reasons stated herein, we reverse the decision of the trial court, and remand the matter for further proceedings.
 {¶ 2} Barrett was indicted on May 2, 2006 with forty counts of rape in violation of R.C. 2907.02(A)(1)(b), thirty-six counts of gross sexual imposition in violation of R.C. 2907.05(A), and thirty-six counts of kidnapping in violation of R.C. 2905.01(A)(2) and/or (A)(4). The respective counts for rape, gross sexual imposition, and kidnapping were identically worded.
 {¶ 3} The rape charges provided that the defendant, on or about June 1994 to June 1997, "unlawfully engaged in sexual conduct with Jane Doe, DOB: January 23, 1989, not his spouse, whose age at the time of said offense was under 13 years of age, whether or not the offender knew the age of Jane Doe, to wit: [DOB] January 23, 1989." Each of the rape charges included a furthermore clause, which specified that "the defendant purposely compelled the victim to submit by force or threat of force."
 {¶ 4} The gross sexual imposition charges provided that the defendant, on or about June 1994 to June 1997, "unlawfully had sexual contact with Jane Doe, DOB: January 23, 1989, not his spouse, whose age at the time of the said sexual contact was under 13 years of age, to wit: DOB: January 23, 1989." *Page 4 
 {¶ 5} The kidnapping charges provided that the defendant, on or about June 1994 to June 1997, "unlawfully by any means removed Jane Doe, DOB: January 23, 1989, a victim under the age of thirteen (13), from the place where she was found or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter and/or engaging in sexual activity, as defined in Section2907.01 of the Revised Code, with Jane Doe, DOB: January 23, 1989 against her will." Each of the kidnapping charges included a sexual motivation specification, which specified that "the offender committed the offense with a sexual motivation."
 {¶ 6} The bill of particulars, provided by the state, restated the wording of the indictment and offered no further details with respect to the specific counts, other than the three-year time period and the location at which the crimes allegedly occurred. All of the offenses allegedly occurred during the three-year period of June 1994 to June 1997, at the same location, 14915 Clifton Boulevard in Lakewood, Ohio. Barrett was between the ages of 12 and 15 when the alleged incidents occurred, and the victim was between the ages of 5 and 7.
 {¶ 7} Barrett filed a motion for a more specific bill of particulars; however, no response was provided by the state. Thereafter, Barrett filed a motion to dismiss the indictment on the grounds that the "carbon copy" counts in the indictment violated his due process rights and presented a significant threat that he might be subject to double jeopardy. The trial court granted the motion and dismissed the indictment in its entirety. *Page 5 
 {¶ 8} The state has appealed the trial court's ruling and has raised two assignments of error for our review. These assignments of error provide as follows:
 {¶ 9} "I. The trial court erred in dismissing all the counts of the indictment."
 {¶ 10} "II. The trial court erred in granting pretrial summary judgment in favor of defendant before the state had the opportunity to develop the evidence at trial."
 {¶ 11} In dismissing all counts of the indictment in this matter, the trial court relied upon the authority of Russell v. United States
(1962), 369 U.S. 749, and Valentine v. Konteh (C.A. 6, 2005),395 F.3d 626.
 {¶ 12} In Russell, the Supreme Court set forth the criteria by which the sufficiency of an indictment is to be measured: "These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell, 369 U.S. at 763-764 (internal quotations and citations omitted). Following Russell, the Sixth Circuit Court of Appeals stated in Valentine that "an indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." Valentine, 395 F.3d at 631.
 {¶ 13} Similarly, the Ohio Supreme Court has held that "An indictment meets constitutional requirements if it `first, contains the elements of the offense charged *Page 6 
and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" State v. Childs,88 Ohio St.3d 558, 564-565, 2000-Ohio-425, quoting Hamling v. UnitedStates (1974), 418 U.S. 87, 117-118. The Ohio Supreme Court also has established that "[generally, the requirements of an indictment may be met by reciting the language of the criminal statute." State v.Childs, 88 Ohio St.3d 194, 199, 2000-Ohio-298.
 {¶ 14} In this case, the indictment tracked the language of the criminal statutes under which Barrett was charged. Further, insofar as the indictment set forth a three-year time period during which the offenses allegedly occurred, this was sufficient. As this court has previously stated: "An indictment is not invalid for failing to state the time of an alleged offense or doing so imperfectly. The State's only responsibility is to present proof of offenses alleged in the indictment, reasonably within the time frame alleged." State v.Bogan, Cuyahoga App. No. 84468, 2005-Ohio-3412. Moreover, "`where such crimes constitute sexual offenses against children, indictments need not state with specificity the dates of alleged abuse, so long as the prosecution establishes that the offense was committed within the time frame alleged.'" State v. Yaacov, Cuyahoga App. No. 86674,2006-Ohio-5321, quoting State v. Barnecut (1988), 44 Ohio App.3d 149,152. An allowance for reasonableness and inexactitude is made in such cases. Id. Additionally, we have recognized that an indictment may be modified to conform to further specifics *Page 7 
testified to by a minor victim where the change does not alter the substance or identity of the crime charged. State v. Osiris, Cuyahoga App. No. 88147, 2007-Ohio-3776.
 {¶ 15} With respect to the bill of particulars, Crim.R. 7(E) provides that upon a timely written request or upon court order, "the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."
 {¶ 16} "[T]he purpose for giving a bill of particulars is `to elucidate or particularize the conduct of the accused,' but not `to provide the accused with specifications of evidence or to serve as a substitute for discovery.'" State v. Lawrinson (1990),49 Ohio St.3d 238, 239, quoting State v. Sellards (1985), 17 Ohio St.3d 169. Indeed, the bill of particulars has a limited scope and is not intended to take the place of formal discovery. See State v. Morris, Clark App. No. 06-CA-65, 2007-Ohio-3591; State v. Rivers, Cuyahoga App. No. 83321,2004-Ohio-2566 (finding a bill of particulars that recited the aggravated burglary statute verbatim and adding the date, time and location of the indictment was sufficient to notify the defendant of the offense). *Page 8 
 {¶ 17} In this case, the bill of particulars specifically set forth the nature of the offenses charged. It mirrored the language of the indictment and also specified the time period and location for the alleged offenses.
 {¶ 18} Barrett, however, argues that the multiple, undifferentiated charges in the indictment violated his right to notice and to be protected from double jeopardy. We find that such a finding is premature.
 {¶ 19} In Valentine, the Sixth Circuit found that "[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or during the trial." 395 F.3d at 634
(emphasis added). In that case, the defendant was convicted of 20 identical counts of child rape and 20 identical counts of felonious sexual penetration. Id. Because the prosecution did not distinguish the factual bases of the charges in the indictment, bill of particulars, or at trial, the court determined that the multiple, undifferentiated charges in the indictment violated Valentine's rights to notice and his right to be protected from double jeopardy. Id. at 631, 635. Consequently, the court upheld one count of each offense, indicating that "[h]ad this case been tried in two counts, the convictions would clearly stand. Thus, any constitutional error with regard to the other 38 counts should not render invalid these two counts." Id. at 637.
 {¶ 20} The Valentine court further indicated: "Importantly, the constitutional error in this case is traceable not to the generic language of the individual counts of *Page 9 
the indictment but to the fact that there was no differentiation among the counts. The exigencies of child abuse cases necessitate considerable latitude in the construction of criminal charges. The prosecutors in this case, however, abused this wide latitude by piling on multiple identical counts. Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses. Due process requires this minimal step. Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction." Id. at 636-637.
 {¶ 21} In this matter, the trial court should have afforded the state the opportunity to delineate the factual bases for the separate incidents, either through discovery or at trial, prior to dismissing the charges. Where the state fails to distinguish the factual basis for the charges listed in the indictment at some point in the proceeding, then the undifferentiated charges must be dismissed. See Valentine,395 F.3d at 638; State v. Tobin, Greene App. No. 2005 CA 150, 2007-Ohio-1345
(finding after the victim's testimony that there was insufficient support for several of the charges in a case involving improper sexual conduct with minors); State v. Hemphill, Cuyahoga App. No. 85431,2005-Ohio-3726 (dismissing all but one count of each offense where during trial the child victim only estimated the number of times the abuse occurred); but see — State v. Holder, Cuyahoga App. No. 89709,2008-Ohio-1271 (affirming pretrial dismissal of numerous counts of a multi-count *Page 10 
indictment that did not differentiate between the sexual offenses allegedly committed against two minors).
 {¶ 22} Indeed, the Valentine court recognized that the due process problems in the indictment might have been cured if the trial court had insisted that the prosecution delineate the factual bases for the separate incidents "either before or during the trial." 395 F.3d at 634. In Valentine, the 8-year-old victim described "typical" abusive behavior by Valentine and estimated that the abuse occurred twenty or fifteen times. Thus, the multiple charges were not linked to identifiable offenses. Significantly, the Valentine court indicated that "if a defendant is going to be charged with multiple counts of the same crime, there must be some minimal differentiation between the counts at somepoint in the proceeding." 395 F.3d at 638 (emphasis added).
 {¶ 23} This court distinguished Valentine and Hemphill, in State v.Yaacov, Cuyahoga App. No. 86674, 2006-Ohio-5321. In Yaacov, we indicated that the child victim in Valentine had described "typical" abusive behavior that occurred an estimated number of times. UnlikeValentine, the child victim in Yaacov was able to recall at trial when, where, and how the abuse occurred. Id. Further, although she could not provide specific dates, she was able to put each incident in a time frame by detailing a factual basis for each incident. Id. Thus, the state, through the victim's testimony, provided discernable facts to establish separate occurrences of rape, sexual battery, and gross sexual imposition. Id. *Page 11 
 {¶ 24} Similarly, in State v. Lawwill, Cuyahoga App. No. 88251,2007-Ohio-2627, we found that the child victim had testified with sufficient specificity as to what abuse occurred and was able to correspond the abuse to the years alleged in the indictment. In that case we recognized that the specific dates were not an element of the offense and that exact dates did not need to be established. Id.
 {¶ 25} In State v. Russell, Cuyahoga App. No. 88008, 2007-Ohio-2108, this court found that an indictment was not insufficient where the victim was a child, the available details of each offense were limited, the state had supplied the defendant with the information it had through discovery, and the court was able to associate particular charges with particular incidents to which the victim testified at trial.
 {¶ 26} Importantly, in each of the above cases, the state was provided the opportunity to differentiate the charges through discovery or at trial. See, also, State v. Cunningham, Cuyahoga App. No. 89043,2008-Ohio-803 (finding the state cured any due process problems in the indictment before and during trial by delineating the factual bases for the separate counts); State v. Rice, Cuyahoga App. No. 82547,2005-Ohio-3393 ("the cure for such identical indictments would be for the prosecution to delineate the factual bases for each count either before or during the trial, so that the judge, defendant and the jury could be able to tell one count from another"); State v. Hardy, Cuyahoga App. No. 86722, 2007-Ohio-1159 (stating same). *Page 12 
 {¶ 27} Under the circumstances of this case, we find that the trial court erred by dismissing the indictment in its entirety without first affording the state the opportunity to link the charges to differentiated incidents either before or during trial. Should the state fail to differentiate the charges at some point during the proceedings, then the unsupported counts should properly be dismissed.
 {¶ 28} The state's assignments of error are sustained.
 {¶ 29} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR. *Page 1