JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Norris Thomas, appeals the judgment of the Cuyahoga County Common Pleas Court that convicted him of various counts of rape, attempted rape, and kidnapping with a sexual motivation. For the reasons stated herein, we affirm.
 {¶ 2} Thomas was charged under a 15-count indictment alleging rape (counts 1-6), gross sexual imposition (counts 7 and 8), attempted rape (counts 9 and 14), and kidnapping with sexual motivation specifications (counts 10-13 and 15). The sexual conduct was alleged to have occurred from May 12, 1996, to May 11, 2001, during which time the victim was under the age of 13.
 {¶ 3} Thomas pled not guilty to the charges, and the case proceeded to trial. The first trial resulted in a hung jury, and the court declared a mistrial. Thereafter, the case was tried a second time.
 {¶ 4} Ultimately, counts 6, 7, and 8 were dismissed upon a Crim. R. 29 motion. Thomas was found guilty of the remaining charges, except that he was found not guilty of rape as charged in count 2. He was sentenced thereafter.
 {¶ 5} Thomas raises two assignments of error that provide as follows:
 "1. The trial court erred in denying defendant's motion to dismiss the remaining counts on double jeopardy grounds when defendant was acquitted of virtually indistinguishable counts and/or were counts dismissed by the court in the original trial.
 "2. The indictments alleging essentially multiple, duplicative, identical and undifferentiated counts violated appellant's rights to notice and his right to be protected against double jeopardy." *Page 4 
 {¶ 6} This is a carbon-copy indictment case in which Thomas argues that the trial court should have acquitted him of all counts of the indictment upon the court's dismissal of indistinguishable counts and that the identical and undifferentiated counts in the indictment violated his due process and double jeopardy rights.
 {¶ 7} Crim. R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." A review of the record reflects that in ruling on the Crim. R. 29 motion, the trial court considered each of the indicted counts and whether the state had presented sufficient evidence to support the crime charged. The court found there was insufficient evidence to support counts 6 through 8, but found sufficient evidence to establish the remaining charges beyond a reasonable doubt. The mere fact that Thomas was acquitted on an identically worded count of rape does not necessarily mean that he was entitled to an acquittal on the remaining charges where sufficient evidence was presented to support those charges. We find, upon our review of the record as further set forth below, that sufficient evidence was presented as to the remaining counts, such that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 8} In asserting that the "boilerplate" language in the indictment violated his due process rights, Thomas relies upon Valentine v.Konteh (C.A. 6, 2005), 395 F.3d 326. Unlike Valentine, which involved a general pattern of abuse that occurred an estimated number of times, in this case the state presented a sufficient factual basis to distinguish the remaining charges in the indictment. Under such circumstances, this court has repeatedly found that a *Page 5 
defendant's due process and double jeopardy rights are not violated. See, e.g., State v. Coles, Cuyahoga App. No. 90330, 2008-Ohio-5129;State v. Cunningham, Cuyahoga App. No. 89043, 2008-Ohio-803; State v.Lawwill, Cuyahoga App. No. 88251, 2007-Ohio-2627; State v. Russell, Cuyahoga App. No. 88008, 2007-Ohio-2108.
 {¶ 9} In this case, the state provided a bill of particulars that referenced the residence at which the abuse took place and the specific room of the house where it occurred. At trial, the victim provided testimony that provided a factual basis for each of the incidents that occurred. The victim was able to recall details of the sexual conduct specific to each incident, her approximate age at the time of each incident, where within the residence each incident occurred, and other details, such as the clothes she was wearing, the time of day, and whether anyone else was home when the abuse occurred. There was sufficient detail in her testimony and other evidence presented that provided discernible facts to substantiate the separate charges.
 {¶ 10} Both assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MELODY J. STEWART, J., CONCUR KEY WORDS: Case No. 90325 State of Ohio v. Norris Thomas *Page 1