[Cite as *State v. Davis*, 2011-Ohio-638.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellant | : | William B. Hoffman, J. |
|  | : |  |
| -vs- | : | Case No. 10CAA060042 |
|  | : |  |
|  | : |  |
| JOSHUA P. DAVIS | : | O P I N I O N |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:        Criminal Appeal from Delaware
                                County Court of Common Pleas Case
                                No. 10CR-I-04-0249

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT ENTRY:         February 9, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARIANNE T. HEMMETER                      JOHN R. CORNELY
Assistant Prosecuting Attorney            21 Middle Street
Delaware County, Ohio                     P.O. Box 248
140 N. Sandusky Street, 3rd Floor         Galena, Ohio  43021-0248
Delaware, Ohio  43015

*Edwards, P.J.*

{¶1} Plaintiff-appellant, State of Ohio, appeals from the May 26, 2010, Order and Entry of the Delaware County Court of Common Plea dismissing Count Seven of the Indictment. Defendant-appellee is Joshua Davis.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 29, 2010, the Delaware County Grand Jury indicted appellee Joshua Davis on seven counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the fourth degree. While Count One of the Indictment alleged that appellee, during the period from March 19, 2010, through March 20, 2010, had engaged in fellatio with Jane Doe, Count Five alleged that appellee, during the same period of time, had engaged in fellatio with Mary Doe. Count Seven of the Indictment alleged that appellee, during the period from March 19, 2010, through March 20, 2010, had engaged in fellatio with Jane Doe and with Mary Doe.

{¶3} At his arraignment on May 19, 2010, appellee entered a plea of not guilty to all counts in the indictment except for Count Seven. As memorialized in an Order and Entry filed on May 26, 2010, the trial court, upon its own motion made during arraignment, dismissed Count Seven "as being duplicative of Counts One and Five of the Indictment."

{¶4} Appellant now appeals from the trial court's May 26, 2010 Order and Entry, raising the following assignment of error on appeal:

{¶5} "THE TRIAL COURT ERRED IN DENYING (SIC) COUNT SEVEN OF THE INDICTMENT."

{¶6} As an initial matter, we note that this is a State's appeal as of right pursuant to R.C. 2945.67(A). Such section states, in relevant part, as follows: " A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case,… which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, …"  The statutory language of R.C. 2945.67(A) "allows the state a direct appeal whenever the trial court grants a motion to dismiss all, or any part of, an indictment." *State v. Hayes* (1986), 25 Ohio St.3d 173, 175, 495 N.E.2d 578. Pursuant to R.C. 2945.67(A), the state may appeal the dismissal of an indictment whether the dismissal is with or without prejudice. *State v. Craig*,  116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, syllabus.

{¶7} In the case sub judice, the court, upon its own motion, dismissed Count Seven of the Indictment. This dismissal is the equivalent of a "decision grant[ing] a motion to dismiss" under R.C. 2945.67(A). *State v. Ryan* (1984), 17 Ohio App.3d 150, 151, 478 N.E.2d 257.

{¶8} Based on the foregoing, we find that appellant had an appeal as of right pursuant to R.C. 2945.67(A).

I

{¶9} Appellant, in its sole assignment of error, argues that the trial court erred in dismissing Count Seven of the Indictment as duplicative[1] of Counts One and Five.

---

[1] At the arraignment, the trial court indicated that it thought that Count Seven was "duplicitious" (sic). Transcript at 9. An indictment is characterized as "duplicitous" if it joins two or more distinct crimes in a

{¶10} In the case sub judice, at the arraignment on May 19, 2010, the trial court, sua sponte, dismissed Count Seven, finding that it "simply reallege[d] what was alleged in Count 5 and was alleged in Count 1." Transcript at 8. The trial court, in its May 26, 2010, Order and Entry, dismissed Count Seven "as being duplicative of Counts One and Five of the Indictment."

{¶11} However, we find that Count Seven is not necessarily duplicative. While Count One of the Indictment alleged that appellee, during the period from March 19, 2010, through March 20, 2010, had engaged in fellatio with Jane Doe, Count Five alleged that appellee, during the same period of time, had engaged in fellatio with Mary Doe. In turn, Count Seven of the Indictment alleged that appellee, during the same period of time, had engaged in fellatio with both Jane and Mary Doe. As noted by appellant, "Count Seven specifically alleges an act of fellatio involving three participants, not two participants as alleged in the remaining counts of the Indictment. Count Seven is the sole count of the Indictment that specifies an act of fellatio with both victims. On its face, Count Seven is different from both Counts One and Five of the Indictment." We find that Count Seven is not, on its face, necessarily duplicative of the other two counts.

{¶12} The issue thus becomes whether Count Seven was sufficient. An indictment is sufficient if it: (1) contains the elements of the charged offense; (2) gives the defendant adequate notice of the charges; and, (3) protects the defendant against double jeopardy. *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626, 631, citing *Russell v. U.S.* (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240. "An indictment meets constitutional requirements if it 'first, contains the elements of the offense charged and

---

single count. *United States v. Aracri* (C.A.2, 1992), 968 F.2d 1512, 1518. Both parties agree that Count Seven did not do so.

fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " *State v. Childs*, 88 Ohio St.3d 558, 564-565, 2000-Ohio-425, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117-118, 94 S.Ct. 2887, 41 L.Ed.2d 590.

{¶13} Appellee, in his brief, argues that Count Seven "appears to simply combine the offenses charged in Counts One and Five" and that Count Seven fails to give him adequate notice of the charges and does not provide him with double jeopardy protection. In support he relies upon a federal court decision, *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626. *Valentine* involved an indictment alleging 20 counts of child rape and 20 counts of felonious sexual penetration occurring over an eleven-month period. The offenses were identically alleged and no further information was included to differentiate one count from another. The *Valentine* court stated:

{¶14} "In its charges and in its evidence before the jury, the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place. Instead, the 8-year-old victim described 'typical' abusive behavior by Valentine and then testified that the 'typical' abuse occurred twenty or fifteen times. Outside of the victim's estimate, no evidence as to the number of incidents was presented." *Id.* at 632-633.

{¶15} The *Valentine* court noted that, "[w]hen prosecutors opt to use such carbon-copy indictments, the defendant has neither adequate notice to defend himself, nor sufficient protection from double jeopardy. * * * Importantly, the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment but to the fact that there was no differentiation among the counts." Id. at 636.

{¶16} Notably, the *Valentine* court did not rule out multiple-count indictments, finding instead that, "[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or during the trial." *Id.* at 634.

{¶17} As is stated above, in the case sub judice, appellant was indicted on seven counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). Such section states as follows: "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard ."

{¶18} Count One of the Indictment specifically stated as follows:

{¶19} "THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County of Delaware, on their oaths, in the name and by the authority of the State of Ohio ,do find and present that during the period of March 19, 2010 through March 20, 2010 in Delaware County, Ohio, JOSHUA P. DAVIS,

{¶20} "being eighteen years of age or older, did purposely engage in sexual conduct to wit: fellatio with Jane Doe, who was not the spouse of JOSHUA P. DAVIS, when JOSHUA P. DAVIS knew Jane Doe was thirteen years of age or older but less than sixteen years of age, or JOSHUA P. DAVIS was reckless in that regard,

{¶21} "this being in violation of Section 2907.04(A) of the Ohio Revised Code and against the peace and dignity of the State of Ohio."

**{¶22}** Count Five was identical except for the substitution of Mary Doe in place of Jane Doe. Finally, Count Seven was identical except for the fact that both girls were named in such count.

**{¶23}** Thus, in the case sub judice, each count in the indictment indentified who participated in the sex act with appellee and also specifies the sex act involved. The indictment thus was sufficient. The language in the indictment tracked the language of the criminal statute under which appellant was charged.

**{¶24}** We note that the trial court dismissed Count Seven at the arraignment. Thus, Count Seven was dismissed before any request for a Bill of Particulars was filed by appellee or any discovery had been conducted. Crim.R. 7(E) provides that "[w]hen the defendant makes a written request within twenty-one days after the arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires." "The purpose of a bill of particulars is to provide a defendant with greater detail of the nature and causes of the charges against him." *State v. Silos* (1995), 104 Ohio App.3d 23, 26, 660 N.E.2d 1239 (citation omitted).

**{¶25}** Had a Bill of Particulars been filed and discovery been conducted, appellant would have had the opportunity to explain how, as it alleged at the arraignment, Count Seven was a "separate incident." Transcript at 9. Thus, the trial court was premature in dismissing Count Seven. Any "alleged due process problems in the indictment might have been cured had the trial court insisted that the prosecution

delineate the factual bases for the…. separate incidents [in the indictment] either before or during the trial." *Valentine*, supra, at 634.

**{¶26}**  See also, *State v. Barrett*, Cuyahoga App. No. 89918, 2008-Ohio-2370.  In such case, the trial court dismissed the indictment after the State failed to respond to the defendant's motion for a more specific bill of particulars.  The defendant had argued that the "carbon copy" counts in the indictment violated his due process rights.  In reversing the decision of the trial court, the Court of Appeals stated that "the trial court should have afforded the State the opportunity to delineate the factual bases for the separate incidents, either through discovery or at trial, prior to dismissing the charges." Id. at paragraph 21.  In the case sub judice, the trial court failed to do so.

**{¶27}**  Appellee's sole assignment of error is, therefore, sustained.

{¶28} Accordingly, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.

By: Edwards, P.J.

Gwin, J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d1018

[Cite as *State v. Davis*, 2011-Ohio-638.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellant      :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
JOSHUA P. DAVIS                        :
                                       :
              Defendant-Appellee       :        CASE NO. 10CAA060042


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.


_____

_____

_____
                    JUDGES