[Cite as *State v. Hostetter*, 2013-Ohio-2000.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12 CAA 08 0059 |
| STEPHEN S. HOSTETTER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
                                Court of Common Pleas, Case No. 11
                                CR I 12 0633

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         May 8, 2013

APPEARANCES:

For Appellant:                          For Appellee:

CAROL HAMILTON O'BRIEN                   GARTH G. COX
DELAWARE COUNTY PROSECUTOR               37 West Broad St., Suite 950
ERIC C. PENKAL                           Columbus, OH 43215
140 N. Sandusky St. 3rd Floor
Delaware, OH 43015

*Delaney, P.J.*

{¶1} Appellant State of Ohio appeals from the August 16, 2012 judgment entry of the Delaware County Court of Common Pleas dismissing one count of burglary against appellee Stephen S. Hostetter.

*FACTS AND PROCEDURAL HISTORY*

{¶2} The facts underlying the crime alleged in this appeal are not in the record before us; however, the facts stated herein are drawn from the parties' argument before the trial court on the motion to dismiss. This criminal case arose from a domestic relations case. Appellee and his wife owned a marital residence and temporary orders pertaining to the residence were issued on September 17, 2009. Appellant alleges appellee entered the residence and installed surveillance equipment during a time period which he purportedly had no authority to do so.

{¶3} On December 9, 2011, appellee was charged by indictment with one count of burglary [R.C. 2911.12(A)(3)] and two counts of interception of wire, oral or electronic communications [R.C. 2933.52 (A)(1), 2933.52(A)(3)]. Appellant entered pleas of not guilty.

{¶4} On January 25, 2012, appellee filed a Motion for a Bill of Particulars seeking, e.g., "the specific date(s) and times between the period of September 17, 2009 and January 21, 2010, that [appellee] is alleged to have trespassed in the identified occupied structure." On February 9, 2012, the trial court ordered appellant to comply with appellee's request for a bill of particulars. On April 6, 2012, appellant filed a Bill of Particulars stating the following regarding Count One: "The State of Ohio, alleges that during the period of September 17, 2009 through January 21, 2010,

in Delaware County, Ohio, [appellee] did by force, stealth, or deception, trespass at 2485 South 3 B's and K Road, an occupied structure and/or in a separately secured or separately occupied portion of the structure the offense of Interception Of Wire, Oral Or Electronic Communications, this being in violation of Section 2911.12(A)(3) [*sic*]."

{¶5} On April 11, 2012, appellee filed a Motion to Dismiss or in the Alternative to Compel the State to Comply with the Court's Entry of February 9, 2012 Ordering the State to Provide the Defendant with a Bill of Particulars and a supplemental memorandum on April 30, 2012. Appellant responded with a memorandum in opposition on May 11, 2012.

{¶6} The matter was scheduled for a jury trial on August 23, 2012.

{¶7} On June 7, 2012, the trial court overruled appellee's motion to dismiss but ordered appellant to "identify the specific date(s) between the period of September 17, 2009 and January 21, 2010, that [appellee] is alleged to have trespassed in the identified occupied structure within fifteen (15) days of this entry." On June 26, 2012, appellee filed a Motion to Dismiss Count One of the Indictment, asserting appellant did not comply with the trial court's order within the requisite time period. Appellant sought an extension of 30 days to comply with the order, stating the prosecutor had been unable to meet with the victim. Appellee objected to the request for extension of time.

{¶8} The trial court held a motion hearing on August 3, 2012, and on August 16, 2012, granted appellee's Motion to Dismiss Count One of the Indictment. The trial court's order noted appellant's inability to narrow the time period during which appellee allegedly committed the burglary offense, concluding "absent a specific date,

this assertion appears to be nothing more than mere speculation," and that under the circumstances of this case, a more specific date indicating when appellee trespassed in his own residence is vital to preparation of his defense.

{¶9} Appellant now appeals from the decision of the trial court granting appellee's motion dismissing Count One of the indictment.

{¶10} Appellant raises one Assignment of Error:

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING COUNT ONE BY LOOKING BEYOND THE FACE OF THE INDICTMENT TO DETERMINE THAT THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE NARROWING THE TIME FRAME TO SPECIFIC DATES DURING WHICH THE BURGLARY OCCURRED."

I.

{¶12} Appellant argues the trial court abused its discretion in dismissing Count One (burglary) of the indictment. We disagree.

{¶13} Crim.R. 48(B) addresses dismissal of an indictment by the trial court, and states in pertinent part: "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." A trial court's decision to dismiss an indictment is reviewed for an abuse of discretion. *State v. Busch*, 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *State v. Daugherty*, 5th Dist. No. 05-COA-007, 2005-Ohio-5637, ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} The trial court noted appellee was joint owner of the residence where the burglary was alleged to have occurred during the period stated in the indictment (September 17, 2009 through January 21, 2010). The trial court further noted appellee had installed similar devices in the residence prior to the period stated in the indictment. Appellant was ordered to identify specific dates within that time frame that appellee allegedly trespassed within the residence, but failed do so. The trial court found appellant's argument that the device(s) may have been placed in December, 2009 to be "nothing more than mere speculation."

{¶15} The purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). It also acts to "inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto." *State v. Fowler*, 174 Ohio St. 362, 364, 189 N.E.2d 133 (1963). Under the unique circumstances of this case, to wit, appellee is charged with burglary into his own residence, we find appellee was entitled to be advised more specifically of the date of his alleged offense. The burglary offense is predicated upon the existence of appellant's evidence that appellee entered the residence when he was without authority to do so; the procedural history of this case, however, supports the trial court's determination that appellant's evidence thereof was "mere speculation."

{¶16} The Second District Court of Appeals has weighed the circumstances in which a trial court may dismiss an indictment in the interest of justice and we avail ourselves of its rationale:

The Ohio Supreme Court has held that Crim.R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." []. The court also stated that trial courts are on "the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.' " [] "The Court also stressed the flexibility a trial court should have to devise a solution in a given case, and went on to state that '[t]rial judges have the discretion to determine when the court has ceased to be useful in a given case.' " [] (Internal citations omitted.)

*State v. Montiel*, 185 Ohio App.3d 362, 364, 2009-Ohio-6589, 924 N.E.2d 375 (2nd Dist. 2009).

{¶17} In this case, appellant did not comply with the trial court's order to provide a more specific date pursuant to its obligation to provide a bill of particulars. We disagree with appellant's argument that the trial court erred in looking beyond the face of the indictment and dismissing Count One. We have previously distinguished between the purposes of the indictment and the bill of particulars; the purpose of the

latter is to provide a defendant with greater detail of the charges against him. See, *State v. Davis*, 5th Dist. No. 10CAA060042, 2011-Ohio-638, ¶ 24.

{¶18} The Ohio Supreme Court has held that while the failure to provide dates and times in an indictment is not necessarily fatal to a prosecution, "* * * the state must, in response to a request for a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information." *State v. Sellards*, 17 Ohio St.3d 169, 478 N.E.2d 781 (1985), syllabus. Further, "[a] trial court must consider two questions when a defendant requests specific dates, times, or places on a bill of particulars: whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense." *State v. Hensley*, 59 Ohio St.3d 136, 141-142, 571 N.E.2d 711 (1991), citing *State v. Lawrinson*, 49 Ohio St.3d 238, 239, 551 N.E.2d 1261 (1990).

{¶19} We are constrained in answering the first question, whether appellant possess more specific dates as requested by appellee, by the dearth of facts in the record before us. When it comes to the second question, however, we find that under the unique circumstances of this case, specific dates as requested by appellee are material to his ability to prepare and present a defense. Appellee's criminal culpability for burglary into his own residence is dependent upon interpretation of a domestic relations court order and specific dates relating thereto.

{¶20} We conclude, therefore, that the trial court's decision to dismiss Count One of the indictment was not unreasonable, arbitrary or unconscionable, nor was it

an error of law or judgment. We therefore overrule appellant's sole assignment of error and affirm the judgment of the Delaware County Court of Common Pleas.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff - Appellant

-vs-

STEPHEN S. HOSTETTER

    Defendant - Appellee

:
:
:
:
:
:
:
:
:
:
:
:

JUDGMENT ENTRY

Case No.   12 CAA 08 0059

    For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER